### COMMONWEALTH *vs.* WILLIAM SANBORN.

An indictment on Rev. Sts. *c.* 125, § 16, for a felonious assault, which sets forth all the facts necessary to constitute the offence, need not allege that the defendant is, or is to be deemed and taken to be, a felonious assaulter.

INDICTMENT on Rev. Sts. *c.* 125, § 16, averring that the defendant, on the 28th of May, 1859, with force and arms, at New Bedford, " not being then and there armed with a dangerous weapon, in and upon one Rodman S. Sherman feloniously, and with force and violence, an assault did make, with the intent the moneys, goods and chattels of the said Rodman S. Sherman, from the person and against the will of the said Rodman S. Sherman, then and there feloniously and by force and violence, and by assault and putting in fear, to rob, steal, take and carry away, against the peace and dignity of the Commonwealth, and contrary to the form of the statute in such case made and provided."

The defendant, after conviction in the court of common pleas in Bristol at June term 1859 moved in arrest of judgment " that there is no allegation in the indictment that the defendant was a felonious assaulter, or to be deemed and taken as such." But *Morris*, J. overruled the motion, and the defendant alleged exceptions.

*B. F. Butler*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

DEWEY, J. The only point raised at the argument and now relied upon in support of the motion to arrest the judgment is the omission to allege in the indictment that the defendant was, by force of the acts alleged to have been done by him, " deemed a felonious assaulter." This, it is insisted, was necessary to constitute a proper charge of the offence made punishable by Rev. Sts. *c.* 125, § 16. In this position the court do not concur. This indictment alleges all the facts necessary to constitute the offence made the subject of punishment by § 16. This is all that was necessary. *Commonwealth* v. *Reynolds, ante,* 87.

This case differs from those of indictments for murder and other like offences, made punishable solely under a description of the offence by its technical term.     *Exceptions overruled.*